## 6907

### *EX PARTE* MESSERVY.

HABEAS CORPUS.—THE WRIT NE EXEAT is abolished in this State by section 199 of Code of Procedure. *Habeas corpus* is the proper remedy for one restrained under this writ from leaving the State and in custody of his bail to be relieved of the restraint and to test the validity of the writ.
*State* v. *Buyck,* 1 Brev., 460, and *Ancrum* v. *Dawson,* 1 McM. Eq., 408, *distinguished from this.*

Petition in the original jurisdiction of this Court by John E. Messervy for writ of *habeas corpus* to relieve him of

restraint of writ of *ne exeat,* issued in case of Pearl C. Messervy against John E. Messervy.

*Messrs. Legare, Holman & Baker,* for petitioner.

*Messrs. Logan* and *Grace,* contra.

May 9, 1908.    The opinion of the Court was delivered by

Mr. Justice Jones.    This is an application in the original jurisdiction of this Court for writ of *habeas corpus.*

The petitioner alleges that he is a citizen of this State, resident in the city of Charleston, but desires to go beyond the limits of the State, for the purpose of pursuing an education; that on January 4, 1908, upon the petition of Pearl C. Messervy and proceedings in a civil action by her against petitioner for alimony, Judge Memminger caused petitioner to be arrested under a writ *ne exeat republica,* commanding him not to depart from the State; that, having been arrested by the sheriff and about to be put in the common jail, petitioner gave bail in the sum of five thousand dollars, conditioned not to depart from the State, to be at all times amenable to the jurisdiction of the Court and to do and receive what may be adjudged by the Court in said suit for alimony; that John W. Messervy went surety for petitioner and that petitioner is now in the custody of said John W. Messervy, and is not allowed to depart from the State or go whence he pleases; that petitioner is unlawfully imprisoned and deprived of his liberty, in that Judge Memminger had no power to cause petitioner's arrest in a civil action, except as provided under section 200 of the Code of Civil Procedure, and that petitioner has not been arrested for any of the causes set forth in said section or for contempt of Court; that the said writ of *ne exeat republica* had been abolished in this State by section 199 of the Code of Procedure; that there has been no final decree for permanent alimony in said case; that if the writ *ne exeat* exists it will not issue for alimony *pendente lite;* that an appeal was pending

from the order allowing temporary alimony when the writ *ne exeat* was issued.

Upon this petition, Hon. Y. J. Pope, Chief Justice, granted an order, dated January 17, 1908, commanding John W. Messervy to produce John E. Messervy before the Court with the cause of his detention and to show cause why he should not be released from custody, and a copy of the order was also required to be served upon the attorneys for Pearl C. Messervy.

John W. Messervy made return admitting his custody of John E. Messervy, as alleged in the petition, and brought him before the Court.

Pearl C. Messervy made return, denying that petitioner had been arrested by the sheriff, and denying that he was in the custody of John W. Messervy, although admitting the issuance of the writ *ne exeat,* and that petitioner would have been put in jail but for the execution by him of the bail bond alleged.

The first question presented is whether *habeas corpus* is the proper remedy in this case. We think it is. The object of the writ is to release a citizen from any illegal restraint of his liberty.

When the sheriff apprehended the petitioner under the writ *ne exeat* there was the present purpose and apparent power to lodge petitioner in jail, which was only prevented by the execution of the bail bond. A condition of this bond was that petitioner should not depart from the State. The return of the surety on his bail bond declares that he has custody of the petitioner, and brings the body of the petitioner before the Court. These circumstances show more than a mere moral restraint of the petitioner's liberty. In *Wales* v. *Whitney,* 114 U. S., 564, 571, the Court said: "Something more than moral restraint is necessary to make a case for *habeas corpus.* There must be actual confinement or the present means of enforcing it. The class of cases in which a sheriff or other officer, with a writ in his hands for the arrest of a person whom he is required to take into cus-

tody, to whom the person to be arrested submits without force being applied, comes under this definition. The officer has the authority to arrest and the power to exercise it. If the party named in the writ resists, or attempts to resist, the officer can summon bystanders to his assistance, and may himself use personal violence. Here the force is imminent and the party is in presence of it. It is physical power which controls him, though not called into demonstrative action."

The case of *State* v. *Buyck,* 1 Brev., 460, is cited by counsel for Pearl C. Messervy to establish the view that the petitioner can not be released on *habeas corpus.* That case was decided in 1804, and held that a party charged with a felony is not entitled to be discharged *from his recognizances* under the seventh section of the *habeas corpus* act, and that the provisions of said section apply only to persons actually in prison.

This, however, is not a proceeding under section 90 of our Criminal Code, similar to section 7 of the *habeas corpus* act.

In the case of *Ancrum* v. *Dawson,* 1 McMullan Eq., 408, decided in 1842, the Court held that the writ *ne exeat* was in the nature of equitable bail writ, but that a party would not be discharged from it unless in actual custody. These decisions were rendered when the writ *ne exeat* was in force in this State, and would not be controlling if it be true, as alleged by petitioner, that the writ *ne exeat* has been abolished.

This contention we now consider, and it is involved in the question whether the restraint placed upon the petitioner is illegal.

Section 199 of the Code of Procedure provides: "No person shall be arrested in a civil action except as provided by the Code of Procedure, but the same shall not apply to proceedings for contempt." The Code then proceeds to prescribe the cases in which arrest in civil actions may be made. The sweeping provision of section 199, with its

specified exception, and the particular provisions made for arrests in civil actions, abolishes the old writ of *ne exeat.*

Ordinarily, *habeas corpus* is not a proper remedy to relieve a party under recognizance or bail when he has not been surrendered by his surety. This case, however, is peculiar in that it is alleged in the petition and admitted by the return of John W. Messervy, who produces the body of the petitioner before the Court, that petitioner is in the custody of said bail, and that his right to go beyond the State is restrained.

As this was not a proceeding in contempt and the petitioner was not arrested pursuant to the provision of the Code, it must follow that all the proceedings under the writ *ne exeat* are void for want of jurisdiction and the restraint thereby placed upon the petitioner's liberty must be declared illegal.

The writ *ne exeat* is therefore quashed and the prisoner discharged from custody or restraint thereunder.